IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KENNETH CHADWICK                                                                               PLAINTIFF
ADC #97902

V.                                         NO.  1:08cv00011 WRW-JWC

T. HURST, et al                                                                                DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR  72201-3325

## II.  Recommended Disposition

On February 8, 2008, Plaintiff, a pro se inmate who at the time was confined to the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted.

Plaintiff's complaint was entirely too vague to enable the Court to determine whether it is frivolous or failed to state a claim for relief under § 1915A.  For this reason, by order entered February 19, 2008 (docket entry #4), Plaintiff was given thirty days to amend his complaint to specifically explain: 1) how <u>each</u> named Defendant was personally involved in or had knowledge of the actions of which he complained; 2) how <u>each</u> named Defendant violated his constitutional rights; 3) why he believed he was written a false disciplinary; 4) what type of relief he sought; and 5) whether he sued Defendants in an individual capacity, official capacity, or both.  In addition, Plaintiff was advised that his failure to make a timely

and complete response to the Court's order to amend would result in the recommended dismissal of his case without prejudice.

The Court's February 19, 2008, order has not been returned and no responsive filing has been received from Plaintiff.  Furthermore, the Clerk has certified that a copy of the order was mailed to him personally on February 19, 2008, at his last given address at the East Arkansas Regional Unit (see docket entry #5).  This case should therefore be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3.  This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 1st day of April, 2008.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.